UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

VELMA CASTON,

                  **Plaintiff,**

-against-

CIVIC CENTER MOTORS LTD. d/b/a WHITE PLAINS
HONDA and AMERICAN HONDA FINANCE COMPANY

                  **Defendants.**

-------------------------------------------------------------X

Civil Action No. **07 CIV 8768**

**SUMMONS IN
A CIVIL ACTION**

**COPY**

**TO:**   CIVIC CENTER MOTORS LTD. d/b/a
WHITE PLAINS HONDA
10 Robertson Avenue
White Plains, NY 10606

     -and-

AMERICAN HONDA  FINANCE CORPORATION
20800 Madrona Avenue
Torrance, CA 90503

     **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court

and serve upon

             David Kasell, Esq.
             Sadis & Goldberg LLC
             **Attorneys for Plaintiff**
             551 Fifth Avenue, 21st Floor
             New York, NY 10176

an answer to the complaint which is herewith served upon you, within 20 days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.

**J. MICHAEL McMAHON**
CLERK

BY DEPUTY CLERK

DATE OCT 1 1 2007

00000429.WPD

JUDGE SWEET

TRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 8768

-------------------------------------------------------------------X

VELMA CASTON,

                              **Plaintiff,**

                -against-

CIVIC CENTER MOTORS LTD. d/b/a WHITE PLAINS
HONDA and AMERICAN HONDA FINANCE
CORPORATION,

                          **Defendants.**

-------------------------------------------------------------------X

Case No.:

**COMPLAINT
AND DEMAND FOR
JURY**

OCT 11 2007

U.S. ___ ___ N.Y.
CASHIERS

       **AS AND FOR PLAINTIFF'S COMPLAINT,** in the above-captioned action, plaintiff

**VELMA CASTON** ("*Plaintiff*"), by and through Plaintiff's attorneys, SADIS & GOLDBERG

LLP, alleges as follows:

**PARTIES**

1.    Plaintiff is an individual who resides in the State of New York, County of Bronx at

     900 Coop City Blvd, Apt 12 D, Bronx, NY 10475.

2.    Upon information and belief, Defendant **CIVIC CENTER MOTORS LTD. d/b/a**

     **WHITE PLAINS HONDA** ("Seller") is a limited liability company with a principal place

     of business in the County of Westchester, White Plains, NY 10606. Defendant Seller is

     engaged in the sale and lease of both new and used motor vehicles. Defendant Seller also

     sells extended warranties and service contracts for those motor vehicles it sells and leases.

{00018720.DOC}

3.    Upon   information   and   belief,   Defendant   AMERICAN   HONDA FINANCE
      CORPORATION ("Finance Company") is a California corporation with a principal place
      of business at 20800 Madrona Avenue, Torrance, California and is authorized to transact
      business in the State of New York with its place of business being in Westchester County.
      Finance Company is engaged in the business of financing and accepting assignment of
      automobile finance contracts. Defendants **CIVIC CENTER MOTORS LTD. d/b/a**
      **WHITE PLAINS HONDA** and **AMERICAN HONDA FINANCE CORPORATION,**
      are collectively referred to herein as "Sellers".

### JURISDICTION

4.    Jurisdiction is premised on 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

5.    Plaintiff institutes this action for actual damages, statutory damages, attorneys' fees and
      costs against Defendant Sellers for multiple violations of the Truth in Lending Act, 15
      U.S.C. § 1601 *et seq.* (hereinafter "TILA") and Federal Reserve Board Regulation Z, 12
      C.F.R. § 226, promulgated pursuant thereto, violations of New York General Business Law
      § 349. Venue in this District is proper in that the conduct complained of occurred here.

### BACKGROUND

6.    On or about October 30, 2007, Plaintiff purchased from Seller a new 2006 Honda CR-V
      (the "Vehicle"), Vehicle Identification No. SHSRD78876U441268, for valuable
      consideration. (See copy of purchase agreement, attached hereto and marked as
      Plaintiff's **Exhibit "A"**).

{00018720.DOC}

7.    The purchase price of the Vehicle, including registration charges, document fees, sales tax and finance charges totaled approximately $35,359.20.

8.    On or about October 31, 2006 Plaintiff took possession of the Vehicle and shortly a revised TILA statement regarding the purchase of the vehcile.

### STATUTORY FRAMEWORK
### TILA

9.    The Truth in Lending Act ("TILA") is a federal law designed to protect consumers in credit transactions by requiring clear disclosure of key terms of the lending arrangement and all costs. The statute is contained in title I of the Consumer Credit Protection Act, as amended,15 USC §§ 1601 et seq. The regulations implementing the statute, which are known as "Regulation Z," are codified at 12 **CFR** Part 226. The purpose of TILA is to promote the informed use of consumer credit by requiring disclosures about its terms and cost.

### COUNT I
### VIOLATION OF THE TRUTH IN LENDING ACT

10.    Plaintiffs repeat the allegations set forth in paragraphs 1-9 as if fully set forth at length herein.

11.    At all times relevant hereto, Sellers regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making Sellers a creditor within the meaning of TILA, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

{00018720.DOC}

-3-

12.     Plaintiff and Sellers entered into a consumer credit transaction which was memorialized in an agreement governed by the Act, to wit, the installment contract annexed as **"Exhibit A"**.

13.     Under the transaction, Sellers failed to deliver all material disclosures required by the Act and Regulation Z in that Sellers failed to properly and accurately disclose the amount financed in violation of Regulation Z § 226.18(b) and 15 § 1638(a)(2)(A); the finance charge in violation of Regulation Z § 226.4 and 226.18(d) and 15 U.S.C. § 1638(a)(3); and by failing to properly disclose the annual percentage rate in violation of Regulation Z § 226.18(e) and 15 U.S.C. 1638(a)(4).

14.     More particularly, upon information and belief, after the parties contracted for the sale of the Vehicle, Sellers intentionally increased the price of the car when preparing the credit agreement.

15.     Consequently, the credit agreement inaccurately discloses the "cash price" of the Vehicle.

16.     Plaintiff is therefore entitled to actual damages, statutory damages and punitive damages in an amount not to exceed $500,000.  Plaintiff is also entitled to reasonable attorneys' fees, costs and expenses.

17.     It was not until after Caston had already purchased the Vehicle that Defendants delivered to her the required TILA disclosures by delivering to her a revised TILA statement on November 2, 2006. A copy of the revised TILA disclosure is annexed hereto as **"Exhibit B"**.

18.     Defendants violated TILA, successfully preventing Caston from learning the costs associated with the Vehicle purchase and preventing Caston from having a meaningful

opportunity to shop the rate in her Vehicle purchase and the costs entailed therein.

## COUNT II
### VIOLATION OF GENERAL BUSINESS LAW, SECTION 349

19.   Plaintiff realleges and incorporates by reference as though fully set forth herein, paragraphs 1-18 of this Complaint.

20.   General Business Law, Section 349 prohibits the use of deceptive or unfair practices in connection with the sale of an automobile to a consumer.

21.   The Defendants' breach of warranty and/or failure to disclose prior accident damage, or Defendants' violation of any other statute or regulation in connection with the sale of the vehicle constitutes a deceptive or unfair practice under section 349.

22.   Said deceptive or unfair practices were material and constitute a violation of section 349.

23.   As a result of Sellers' misleading and deceptive practices, Plaintiff purchased a vehicle which she would not have otherwise purchased.

24.   Further, as a result of Sellers' misleading and deceptive practices, Plaintiff purchased a vehicle which had a value significantly less than what she bargained for.

25.   Plaintiff is entitled to damages and attorney fees as a result of Defendant's violation of section 349.

## COUNT III
### LIABILITY OF AMERICAN HONDA FINANCE

26.   Plaintiff incorporates paragraphs 1-25 above by reference herein. This Count is brought against Defendant **AMERICAN HONDA FINANCE**, only.

27.   Federal Law (16 C.F.R. part 433) provides all retail installment contracts contain the following provision:

{00018720.DOC}

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

27.   **AMERICAN HONDA FINANCE**, is the holder of the Retail Installment Contract ("Contract") for the purchase of plaintiff's vehicle. It is bound by the terms quoted in Paragraph 26 above, subjecting it to all claims and defenses which plaintiff has asserted against the Sellers of the vehicle obtained with the proceeds of the loan.

28.   Sellers, sold the vehicle which constitutes the good obtained with the proceeds of the loan.

**WHEREFORE**, Plaintiff, VELMA CASTON, prays for judgment against the Defendants for violations of the Truth In Lending Act, violations of New York General Business Law §349, including a refund of the purchase price plus all finance charges, pre-judgment interest, incidental and consequential damages, punitive damages and attorney fees as follows:

   a.   An order sustaining Plaintiff's revocation of acceptance;

   b.   Return of the Vehicle sale price and all incidental and consequential damages incurred by Plaintiff;

   c.   Return of down/payment and/or net trade allowance;

   d.   Return of all finance charges and interest;

   e.   Return of all collateral charges incurred by Plaintiff including insurance

{00018720.DOC}

fees, costs of "cover," loss of use of the Vehicle for significant periods

of time, expenditure of funds for alternate transportation, lost time from

work while being without the Vehicle and attending to the repair of the

Vehicle and the resulting loss of income, severe aggravation and

inconvenience and prejudgment interest at the statutory rate  from the

date this cause of action accrued;

f.    All reasonable attorneys' fees, witness fees, and all court costs and other

fees incurred by the Plaintiff;

g.    An award of punitive damages against Defendants  by virtue of its'

fraudulent conduct;  and

h.    Such other and further relief that the Court deems just and appropriate.

DATED:    New York, New York
          October 4, 2007

David M. Kasell, Esq. (DK-7753)
SADIS & GOLDBERG LLP
Attorneys for Plaintiff
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 947-3793

To:    White Plains Honda
       344 Central Avenue
       White Plains, NY 10606

       American Honda Finance Corporation
       20800 Madrona Avenue
       Torrance, CA 90503

{00018720.DOC}

-7-

**EXHIBIT "A"**

{00018720.DOC}

**HONDA AUTOMOBILES**

**White Plains Honda**
344 Central Avenue
White Plains, NY 10606

*917-*
*692-6359*

39922

**HONDA AUTOMOBILES**

PURCHASER'S NAME Vo RICHARDSON Phone: (914) 428-0880 / Fax: (914) 428-0990

ADDRESS 900 CO-OP CTY BL 12D  GASTON BRONX NY 1075

SOURCE WALK-IN

RESIDENCE PHONE 718·862·9342    BUSINESS PHONE    E-MAIL    SALESPERSON PAUL CAMAS

PLEASE ENTER MY ORDER FOR THE FOLLOWING:

| NEW ✓  DEMO ☐  USED ☐  YR | MAKE 2006 | MODEL HONDA | BODY STYLE SUBN | TRANSMISSION 5 AT | DRIVE TRAIN 4WD |
|---|---|---|---|---|---|
| COLOR ① BE ② | TRIM EX 4WD | VIN 5HSRDA88768441268 | | | STOCK # |

**ESTIMATED DELIVERY DATE          PLACE OF DELIVERY**

- ☐ COPY OF DRIVERS LIC.
- ☐ COPY OF REGISTRATION
- ☐ SIGNED TITLE (1973 OR NEWER N.Y.)
- ☐ SIGNED REG. (PART 2) (1972 OR OLDER)
- ☐ SIGNED MV 50.1 & MV 82T
- ☐ NEW PLATES
- ☐ TRANSFER
- ☐ IN-TRANSIT

PRIOR USE CERTIFICATION (REQUIRED BY VEHICLE AND TRAFFIC LAW 417-A IF THE PRINCIPAL USE OF THE VEHICLE WERE AS A POLICE VEHICLE, TAXICAB, DRIVER EDUCATION VEHICLE OR RENTAL VEHICLE.) THE PRINCIPAL PRIOR USE OF THIS VEHICLE WAS AS A POLICE VEHICLE ☐, A TAXICAB ☐, A DRIVER EDUCATION VEHICLE ☐, A RENTAL VEHICLE ☐.

ALL STANDARD EQUIPMENT

**TRADE-IN INFORMATION**

| MAKE | YEAR |
|---|---|
| MODEL | COLOR |
| SERIAL # | MILEAGE |
| PLATE # | EXP. DATE |
| TRADE-IN IS CLEAR OF ALL LIENS EXCEPT | TRADE ALLOWANCE |

THE PURCHASER WARRANTS TRADE-IN TO BE HIS OWN PROPERTY FREE AND CLEAR OF ALL LIENS & ENCUMBRANCES EXCEPT AS NOTED HEREIN.

**NOTICE TO CONSUMER: IF THE VEHICLE IS NOT DELIVERED IN ACCORDANCE WITH THIS AGREEMENT WITHIN 30 DAYS AFTER THE ESTIMATED DELIVERY DATE AND THE DELAY IS NOT ATTRIBUTABLE TO YOU, YOU HAVE THE RIGHT TO CANCEL THIS AGREEMENT AND TO RECEIVE A FULL REFUND OF YOUR DEPOSIT.**

IF YOU AGREE TO ASSIST ME IN OBTAINING FINANCING FOR ANY PART OF THE PURCHASE PRICE, THIS ORDER SHALL NOT BE BINDING UPON YOU OR ME UNTIL ALL OF THE CREDIT TERMS ARE PRESENTED TO ME IN ACCORDANCE WITH REGULATION "Z" (TRUTH-IN-LENDING) AND ARE ACCEPTED BY ME. IF I DO NOT ACCEPT THE CREDIT TERMS WHEN PRESENTED, I MAY CANCEL THIS ORDER AND MY DEPOSIT WILL BE REFUNDED.

CONTRACTUAL DISCLOSURE STATEMENT FOR USED VEHICLE ONLY "The information you see on the Federal Trade Commission window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale."

ALL CREDIT SUBJECT TO PRIMARY LENDERS APPROVAL PRICE REFLECTS ALL ADVERTISED SPECIALS, REBATES AND INCENTIVES. NO VERBAL COMMITMENTS WERE MADE OTHER THAN WHAT IS WRITTEN ON THIS ORDER.

| | | |
|---|---|---|
| DESTINATION CHARGE | | |
| SELLING PRICE | 21683 | 97 |
| LESS TRADE-IN CREDIT (−) | | |
| CASH PRICE (=) | 21683 | 97 |
| SALES TAX 8.375 % (+) | 1816 | 03 |
| N.Y. STATE INSPECTION (+) | 10 | 00 |
| REGISTRATION FEE (+) | 195 | |
| "Dealer's optional fee for processing application for registration and/or certificate of title, and for securing special or distinctive plates (if applicable). THIS IS NOT A DMV FEE *$45.00." (+) | 45 | 00 |
| WASTE TIRE MANAGEMENT FEE (+) | 12.5 | 52 |
| TOTAL CASH PRICE (=) | 23762 | 52 |
| DEPOSIT ☐ CASH ☐ CHECK CC (−) | 1000 | |
| ADDITIONAL DEPOSIT (−) | 11.95 | |
| REBATE APPLIED (−) | | |
| PAY-OFF ON TRADE (IF ANY) (+) | | |
| AMOUNT FINANCED (−) | | |
| UNPAID BALANCE DUE BY CASH OR CERT. CHK. ONLY | | |

X _____

**ALL BALANCES MUST BE PAID IN CASH, CASHIER'S OR CERTIFIED CHECK ONLY**

I HAVE READ THE MATTER ON THE BACK HEREOF AND AGREE TO IT AS A PART OF THIS ORDER THE SAME AS IF IT WERE PRINTED ABOVE MY SIGNATURE. THE FRONT AND BACK HEREOF COMPRISE THE ENTIRE AGREEMENT AFFECTING THIS ORDER AND NO OTHER AGREEMENT OR UNDERSTANDING OF ANY NATURE CONCERNING SAME HAS BEEN MADE OR ENTERED INTO. IF THIS ORDER IS CANCELLED FOR ANY REASON WHATSOEVER IT IS AGREED THAT THE DEPOSIT HEREUNDER SHALL CONSTITUTE LIQUIDATED DAMAGES AND NOT BE REFUNDABLE. I HEREBY ACKNOWLEDGE RECEIPT OF A COPY OF THIS ORDER.

THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTIES OF MERCHANTABILITY OR FITNESS ON NEW VEHICLES AND ONLY THOSE WARRANTIES DESCRIBED, IF ANY, UNDER PARAGRAPH 5 ON USED VEHICLES, SHALL BE BINDING. TRADE VALUE SUBJECT TO RACK INSPECTION.

| PURCHASER'S SIGNATURE | DATE |
|---|---|
| CO-PURCHASER'S SIGNATURE | DATE |
| APPROVED THIS ORDER IS NOT VALID UNLESS SIGNED AND ACCEPTED BY DEALER. | DATE |
| DEPOSIT RECEIPT NO. | |

THE AMOUNT INDICATED ON THIS SALES CONTRACT OR ☐ MENT FOR REGISTRATION AND TITLE FEES IS AN E☐ INSTANCES, IT MAY EXCEED THE ACTUAL FEES ☐ ER OF MOTOR VEHICLES. THE DEALER WI☐ IN SIXTY DAYS OF SECURING SUCH R☐ ANY AMOUNT OVERPAID FOR SUCH ☐

*Original*

CUSTOMER'S INITIALS: ____

**NOTICE TO VEHICLE BUYER**

f you be entitled to a refund pursuant to law for the value of the trade-in, the amount will be determined by reference to the Nat☐ Association Used Car Guide wholesale value, or such other guide as may be approved by the Commissioner of Motor Vehicles, ☐ improvements, and any major physical or mechanical defects, rather than the value listed in this ☐

## EXHIBIT "B"

{00018720.DOC}

**HONDA**

Financial Services

November 2, 2006

Velma Caston
900 Coop City Bv Apt 12d
BRONX NY 10475

### REVISED TRUTH-IN-LENDING DISCLOSURES AND
### CORRECTION(S) TO YOUR ACCOUNT
#### For Your Records

Account Number: 86396754
Contract Date: October 30, 2006
VIN: SHSRD78876U441268

Dear Velma Caston:

In reviewing your contract we noticed some areas that need correction:

| FEDERAL TRUTH-IN-LENDING DISCLOSURES | | | | |
|---|---|---|---|---|
| **ANNUAL PERCENTAGE RATE** The cost of your credit as a yearly rate. | **FINANCE CHARGE** The dollar amount the credit will cost you. | **Amount Financed** The amount of credit provided to you or on your behalf. | **Total of Payments** The amount you will have paid after you have made all payments as scheduled. | **Total Sale Price** The total cost of your purchase on credit, including your down payment of $9,000.00. |
| 12.54% | $7,847.52 | $18,338.88 | $,0.02;($,6.18) | $35,186.40 |

YOUR PAYMENT SCHEDULE WILL BE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 72 | $363.70 | MONTHLY, BEGINNING November 29, 2006 |

Further review of your contract has revealed the following additional error(s) and/or omission(s), if applicable:

☐ **Monthly Payment:** Your payment is due on the _____ of each month.
☐ **Vehicle Identification Number (VIN)** should read: (VIN OR HIN)
☐ **Other:**

We have made the above correction(s) to your account accordingly. Please keep this notice as your record of the change(s) made.

Our associates are available to assist you at (800) 457-9929. Thank you for choosing us. We appreciate your business.

Sincerely,

**American Honda Finance Corporation**

custlacor.dot (Rev. 07/06)

---