Craig M. Bonnist (CB 3245)
**Bonnist & Cutro, LLP**
800 Westchester Avenue, Suite S-332
Rye Brook, New York 10573
(914) 921-4820 ph.
(914) 921-4823 fx.
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
VELMA CASTON,

                Plaintiff,                    07 CIV 8768 (RWS)

-against-                                      **ANSWER**

CIVIC CENTER MOTORS, LTD. d/b/a WHITE PLAINS
HONDA and AMERICAN HONDA FINANCE
COMPANY,

                Defendants.
------------------------------------------------------------X

       Defendant, Civic Center Motors, Ltd. d/b/a White Plains Honda ("White Plains Honda"), through its attorneys, Bonnist & Cutro, LLP, as and for its answer to the Complaint states as follows:

       1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

       2. Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that White Plains Honda's principal place of business is located in the County of Westchester, White Plains, NY 10606, and that White Plains Honda sells and leases new and used motor vehicles and also sells extended warranties and service contracts for the vehicles it sells.

       3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4 and 5 of the Complaint, and respectfully refers all issues of law to this Court for determination.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admits that in or around October 2006, White Plains Honda sold a 2006 Honda CRV bearing Vehicle Identification Number SHSRD7876U441268 ("Vehicle") to Plaintiff.

6. Denies each and every allegation contained in paragraph 7 of the Complaint, and respectfully refers this Court to the referenced document, which is annexed to Plaintiff's Complaint as Exhibit "A", for a more complete statement of its content.

7. Denies each and every allegation contained in paragraph 8 of the Complaint, except admit that on or about October 31, 2006, White Plains Honda sold the Vehicle to Plaintiff.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and respectfully refers all issues of law to this Court for determination.

## ANSWERING COUNT I

9. Defendant White Plains Honda repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 9 of the Complaint, as same are realleged in paragraph 10 of the Complaint.

10. Denies each and every allegation contained in paragraph 11 of the Complaint.

11. Denies each and every allegation contained in paragraph 12 of the Complaint, and respectfully refers this Court to the referenced document, which is annexed to Plaintiff's Complaint as Exhibit "B", for a more complete statement of its content.

12. Denies each and every allegation contained in paragraph 13 of the Complaint, and respectfully refers all issues of law to this Court.

13. Denies each and every allegation contained in paragraphs 14, 15, 16, 17, and 18 of the Complaint.

## ANSWERING COUNT II

14. Defendant White Plains Honda repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 18 of the Complaint, as same are realleged in paragraph 19 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and respectfully refers all issues of law to this Court for determination.

16. Denies each and every allegation contained in paragraphs 21, 22, 23, 24, and 25 of the Complaint.

## ANSWERING COUNT III

17. Defendant White Plains Honda repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 25 of the Complaint, as same are realleged in paragraph 26 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and respectfully refers this Court to the referenced document, which is annexed to Plaintiff's Complaint as Exhibit "A", for a more complete statement of its content.

19. Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that in or around October 2006, White Plains Honda sold the Vehicle to Plaintiff.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred by the doctrine of estoppel.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred because Plaintiff failed to exhaust her administrative remedies.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred by the doctrine of waiver.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. Plaintiff fails to state a cause of action upon which relief can be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred because all implied warranties were conspicuously disclaimed by White Plains Honda.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred by the terms and disclosures of the contracts executed by Plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred by the doctrine of bona fide error pursuant to 15 U.S.C. § 1640(c).

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred by the doctrine of subsequent disclosure pursuant to 15 U.S.C. § 1634.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

28. Plaintiff's potential damages under her TILA claim is limited to a maximum of $2,000 exclusive of costs and fees.

**WHEREFORE**, Defendant, White Plains Honda, through its attorneys, Bonnist & Cutro, LLP, hereby requests that the complaint be dismissed in its entirety, and for such other and further relief as it deems just and appropriate.

Dated: Rye Brook, New York
November 19, 2007

BONNIST & CUTRO, LLP

By: _____
Craig M. Bonnist (CB 3245)
800 Westchester Avenue, Suite S-332
Rye Brook, New York 10573
(914) 921-4820 ph.
(914) 921-4823 fx.
*Attorneys for White Plains Honda*

To: David M. Kasell (DK-7753)
SADIS & GOLDBERG, LLC
551 Fifth Avenue, 21st Fl.
New York, New York 10176
(212) 947-3793