UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
VELMA CASTON,

                                Plaintiff,                  Civil Action No.: 07 CIV 8768 (RWS)

          -against-

                                                               RESPONSE TO DEFENDANT'S FIRST
                                                               SET OF INTERROGATORIES TO
                                                               PLAINTIFF

CIVIC CENTER MOTORS, LTD. d/b/a
WHITE PLAINS HONDA, and AMERICAN
HONDA FINANCE COMPANY,

                                Defendant.
-------------------------------------------------------X

As and for Plaintiff's Responses and Objections to Defendant **CIVIC CENTER MOTORS, LTD. d/b/a WHITE PLAINS HONDA's** First Requests for Production of Documents, Plaintiff responds as follows:

**INTERROGATORY #1**
For the ten years immediately preceding the date of the incidents referred to in the Complaint, identify the plaintiff's home addresses and the names and addresses of each of plaintiff's employers and the dates of employment.

**RESPONSE**
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence, Subject to and without waiver of these objections, Plaintiff lives at 900 Coop City Blvd, Apt 12-D, Bronx, NY 10475.

**INTERROGATORY #2**
**State the full name and last known address, giving the street number, city, state and zip code of every person known to plaintiff or to her attorneys who has any knowledge regarding the facts and circumstances surrounding the happening of the incidents referred to in the Complaint and your alleged damages. For each person identified, provide a brief description of the information known or believed to be known by that person. This specifically includes the identity of all individuals that accompanied plaintiff to defendants' place of business.**

**RESPONSE**
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, Plaintiff refers Defendant to her Rule 26(a) disclosures.

Additionally, Plaintiff states that "Karen" from Honda Customer Service (1-800-457-9929) has knowledge has knowledge of the events in question.

### INTERROGATORY #3
Identify each statement or document which plaintiff contends originated from defendant. For each statement, identify the form of the statement (written, oral, electronic, etc.) when it was made and by whom for each document, identify the date and circumstances under which plaintiff came into possession of the documents. Provide copies of all identified documents.

### RESPONSE
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, Plaintiff refers Defendant to her Rule 26(a) disclosures and the additional documents Plaintiff is annexing hereto.

### INTERROGATORY #4
Set forth the name of each and every psychologist, psychiatrist, counselor, therapist, medical doctor or other similar health professional, and each hospital, clinic or other institution from whom plaintiff received treatment, advice of counseling for the last ten (10) years, and specify which psychologists, psychiatrists, counselors, therapists, medical doctors or other similar health professionals and which hospitals, clinics or other institutions treated, advised or counseled plaintiff for any mental and emotional distress plaintiff allegedly suffered.

### RESPONSE
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, Plaintiff states none.

### INTERROGATORY #5
State whether plaintiff has filed a Complaint or Charge against any entity or individual, other than the defendant in this action with in any other administrative agency or court of law or equity, and if so, set forth the title or caption, forum, date of commencement of such proceeding and provide copies of all documents filed with said agency or court.

### RESPONSE
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

### INTERROGATORY #6
If plaintiff has ever been arrested or convicted for a misdemeanor or felony, describe the date, place and charges made in connection with each such arrest, and the ultimate disposition or current status of the charges.

**RESPONSE**
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, Plaintiff states never.

**INTERROGATORY #7**
**If plaintiff has ever filed for bankruptcy, state the type of bankruptcy petition filed, i.e., Chapter 7 or 13, the court in which it was filed, the date it was filed and the nature of the lawsuit.**

**RESPONSE**
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY #8**
**If plaintiff has ever been divorced or has filed for divorce, please identify the court in which the divorce was filed.**

**RESPONSE**
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, Plaintiff states she is not divorced.

**INTERROGATORY #9**
**If plaintiff has received marital counseling of any type, please identify the counselor by name, address and telephone number.**

**RESPONSE**
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY #10**
**Identify all documents which support or concern any of the factual allegations contained in the complaint and, with respect to each document identified, specify the factual allegations which it supports or concerns.**

**RESPONSE**
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, Plaintiff has already produced all responsive documents in his Initial Disclosure.

### INTERROGATORY #11
If you have obtained any statements from any individual on the subject matter of this action, identify the individual and state the date on which any statement was obtained.

### RESPONSE
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has no written statements and has identified all persons who made any statements in her initial disclosures.

### INTERROGATORY #12
State the nature and damages you seek in this action against defendant; and for each type of damages claimed (including those alleged by plaintiff in his Rule 26(a) disclosure pertaining to actual damages, statutory damages, punitive damages, injunctive relief and declaratory relief}, state the amount you seek and your method of computation for such damages; and in providing the information responsive to this interrogatory, please state the gross amount of such damages and state the net amount of damages after taking into account any mitigation of damages you have accomplished. Identify all documents concerning any damages you claim against defendant.

### RESPONSE
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

### INTERROGATORY #13
Identify every other document which plaintiff contends supports his claims in the complaint not identified in prior interrogatories.

### RESPONSE
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, Plaintiff has already produced all responsive documents in his Initial Disclosure.

### INTERROGATORY #14
Identify all creditors to whom plaintiff applied for credit in the 3 years prior to 5/19/06, describe the reason and circumstances for the application of credit, the terms of the credit sought and the actions taken by all creditors and plaintiff after application.

### RESPONSE
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiver of these objections, Plaintiff states Nordstrom, Amalgamated Bank.

## INTERROGATORY #15
**Set forth whether plaintiff claims to have been denied any credit or has been offered credit on less favorable terms than applied for since the purchase of the vehicle from defendant and identify the creditor(s) who denied or offered less favorable credit than requested, describing the circumstances of each such incident.**

## RESPONSE
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, Plaintiff has never been denied credit.

## INTERROGATORY #16
**Set forth whether plaintiff claims that any denial of credit or offer of credit on less favorable terms since the purchase of the vehicle from defendant is attributable to any act, or inquiry by defendants, setting forth the factual basis for this claim.**

## RESPONSE
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, Plaintiff is not aware of any such circumstances.

## INTERROGATORY #17
**Particularize the manner in which plaintiff alleges that defendant breached its warranty, as alleged in plaintiff's complaint.**

## RESPONSE
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, Plaintiff agrees to withdraw the allegations in the complaint regarding prior accident damage.

## INTERROGATORY #18
**Particularize the manner in which plaintiff alleges that defendant failed to disclose prior accident, damage as alleged in plaintiff's complaint.**

**RESPONSE**
See response to Interrogatory #17.

**INTERROGATORY#19**
**Particularize the manner in which plaintiff alleges that defendant violated statutes or regulations as alleged in plaintiff's complaint.**

**RESPONSE**
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence and that it calls for a legal conclusion.

**INTERROGATORY#20**
**State the value of the vehicle that plaintiff claims she purchased as alleged in plaintiff's complaint.**

**RESPONSE**
Plaintiff objects to this demand as overly broad, vague, ambiguous, burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that it improperly seeks to conduct a deposition through interrogatories, and refers Defendant to her Rule 26(a) disclosures.

Dated: New York, New York
      March 6, 2008

By: David Kasell, Esq. (DK-7753)
SADIS & GOLDBERG LLP
Attorneys for Plaintiff
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 947-3793